**RESNICK & LOUIS, P.C.**
Mark R. Smith, Esq., SBN: 11872
Robert L. Thompson, Esq., SBN: 9920
8945 W. Russell Road, Suite 330
Las Vegas, NV 89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
mrsmith@rlattorneys.com
rthompson@rlattorneys.com
*Attorneys for Defendants,*
*Meiborg Bros., Inc., Meiborg, Inc.,*
*and James Ray Cox*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| TIFFANY HEDGEPETH, an individual,<br><br>        Plaintiff,<br><br>v.<br><br>MEIBORG BROS, INC., an Illinois Corporation; MEIBORG, INC., an Illinois Corporation; JAMES RAY COX, an individual; DOES I through X, inclusive; ROE BUSINESS ENTITIES I through X, inclusive,<br><br>        Defendants. | CASE NO.: 2:24-cv-00045-CDS-MDC<br><br>**STIPULATION AND ORDER FOR CONFIDENTIALITY AND PROTECTION** |

With regard to materials disclosed in the course of the above-captioned lawsuit ("Lawsuit"), which constitute or contain trade secrets or other confidential research, development, or commercial information of the parties ("Confidential Material"), the parties stipulate that the following terms and conditions shall govern:

1.      This Order is meant to encompass all forms of disclosures which may contain Confidential Material, including but not necessarily limited to any document, pleading, motion, exhibit, declaration, affidavit, deposition transcript and all other tangible items (electronic media, photographs videocassettes, etc.).2.   This Protective Order is entered solely for the purpose of facilitating the exchange of documents and information among the Parties to this litigation without

1

involving the Court unnecessarily in the process. The entry of this Protective Order does not preclude any Party from seeking further order of this Court pursuant to Federal Rule of Civil Procedure 26(c). Nothing in this Protective Order, nor the production of any information or document under the terms of this Protective Order, nor any proceedings pursuant to this Protective Order, shall be deemed to be a waiver of any rights or objections to challenge the authenticity or admissibility of any document, testimony, or other evidence at trial. This Protective Order will not prejudice the right of any party or nonparty to oppose production of any information on the grounds of attorney-client privilege, work product doctrine, or any other privilege or protection provided under the law.

3.   This Protective Order does not provide blanket protection for all disclosures or responses to discovery; it applies only to those specifically designated as protected.

4.   The parties may designate any Confidential Material produced or filed in this Lawsuit as confidential and subject to the terms of this Order by marking such material "Confidential." If any material has multiple pages, this designation needs only be placed on the first page of such material. Any material designated as "Confidential" shall not be disclosed to any person or entity, except to the parties, counsel for the respective parties, members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals, law clerks, outside copying services and data processing companies or individuals engaged by a party or its counsel to assist in this litigation), expert witnesses or consultants retained by the parties or their respective counsel and their personnel as necessary, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action, this Court and its personnel, any other tribunal of competent jurisdiction and its personnel, the jury empaneled for this matter, witnesses, deponents, other individuals present during depositions and/or trial in this matter, any mediator or arbitrator selected by the parties to mediate or arbitrate this action and their respective personnel, representatives of the parties, and other individuals agreed to, in writing, by the parties or ordered by this Court. This designation must be made in good faith as this

2

agreement is not intended to be a blanket order of confidentiality for all information disclosed in this case.

5.  Any material designated as confidential pursuant to paragraph 4 above shall be used only in connection with the Lawsuit.

6.  Only counsel of record in this Lawsuit shall be permitted to disseminate Confidential Material. Prior to disclosure of Confidential Material, each person to whom disclosure is to be made (other than the Court or Arbitrator, their respective employees and staff, court reporters, and court videographers) shall execute a written "Confidentiality Agreement" (in the form attached hereto as Exhibit "A") consenting to be bound by the terms of this Order. Persons authorized to examine the Confidential Material include the parties, counsel for the respective parties, members of counsel's legal or support staff (e.g., in-house investigators, secretaries, legal assistants, paralegals, law clerks, outside copying services and data processing companies or individuals engaged by a party or its counsel to assist in this litigation), expert witnesses or consultants retained by the parties or their respective counsel and their personnel as necessary, outside court reporting services and court reporters as may be reasonably necessary in connection with the preparation or conduct of this action, this Court and its personnel, any other tribunal of competent jurisdiction and its personnel, the jury empaneled for this matter, witnesses, deponents, other individuals present during depositions and/or trial in this matter, any mediator or arbitrator selected by the parties to mediate or arbitrate this action and their respective personnel, representatives of the parties, and other individuals agreed to, in writing, by the parties or ordered by this Court who shall agree that the contents of the Confidential Material shall not be disclosed to any other person or entity and said documents shall not be photocopied or reproduced by any means, except for use in association with this Lawsuit.  Both consulting and testifying experts may review the documents in accordance with the terms of this Order.

7.  Upon dissemination of any Confidential Material, each non-designated counsel of record in this Lawsuit shall maintain a written record as to: (1) the identity of any person given Confidential Material, and (2) the identity of the Confidential Material so disseminated (such as

3

by "Bates stamp" number). Such record shall be made available to the designating party upon request.

8.   If additional persons or entities become parties to this Lawsuit, they shall not have access to any Confidential Material until they execute and file with the Court their written agreement to be bound by the terms of this Order.

9.   In the event that any question is asked at a deposition that calls for the disclosure of or testimony regarding Confidential Material, the witness shall answer such question (unless otherwise instructed not to do so on grounds of privilege) provided that the only persons in attendance at the deposition are persons who are qualified to receive such information pursuant to this Order. Specific deposition testimony and/or the deposition transcript in its entirety may be designated as confidential on the record at the time of the deposition or the deposition transcript may be designated as confidential within thirty (30) days after receiving a copy of the deposition transcript. If the deposition testimony and/or transcripts are designated as confidential as described herein, such deposition testimony and/or transcripts shall be treated as "Confidential" pursuant to paragraph 4 above. The parties shall make arrangements with the court reporter not to disclose any such Confidential Material except in accordance with the terms of this Order.

10.   If a deponent refuses to execute a Confidentiality Agreement, disclosure of Confidential Material during the deposition shall not constitute a waiver of confidentiality. Under such circumstances, the witness shall sign the original deposition transcript in the presence of the court reporter and no copy of the transcript or exhibits shall be given to the deponent.

11.   Any party desiring to submit Confidential Material to the Court in connection with any motion or other proceeding within the purview of this litigation, or to use Confidential Material for any purpose in this case, including the introduction of said information into evidence at the trial of this action or at any hearing relating to this action before any judicial officer, subject to the Federal Rules of Civil Procedure and/or Evidence and orders of the Court, shall submit the material under seal or with appropriate redactions consistent with the Ninth Circuit opinions of *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) and *Pintos v. Pacific*

*Creditors Association*, 605 F.3d 665, 678 (9th Cir. 2010) and Local Rule 10-5. If a party's request to file Protected Material under seal is denied by the Court, then the Party may file the information in the public record unless otherwise instructed by the Court.  If such a situation occurs, the filing party agrees to immediately notify the party whose Protected Material is about to filed in the public record.

12. The parties shall separately confer regarding the use of Confidential Material at trial and at any hearing, and to the extent an agreement cannot be reached, the Court shall intervene. The parties understand that the Court will maintain the Confidential Material it receives pursuant to paragraph 11 above under seal in accordance with the local and governing laws and rules.

13. If a party believes that any Confidential Material does not contain confidential information, said dispute must be resolved pursuant to the Court's August 23, 2024 Standing Order (ECF No. 28). Specifically, the parties must first meet and confer to try to resolve the dispute in person, videoconference, or telephone. If the parties are unable to resolve the dispute informally after a good-faith effort, the parties must file a single document captioned "Stipulation Regarding Discovery Dispute" that addresses each of the five (5) items contained within the Court's August 23, 2024 Standing Order (ECF No. 28). Upon review of the filed "Stipulation Regarding Discovery Dispute," the Court may set a telephonic conference, order written briefing, or enter an order deciding the dispute without conference or briefing.

14.  Inadvertent failure to designate any material "Confidential" shall not constitute waiver of an otherwise valid claim of confidentiality pursuant to this Order, so long as a claim of confidentiality is asserted within a reasonable period of time after discovery of the inadvertent failure. At such time, arrangements shall be made by the parties to retroactively designate the material "Confidential" in accordance with this Order.  Upon retroactive designation of material as "Confidential," counsel (i) shall not make any further disclosure or communication of such retroactively designated material except as provided for in this order, and, (ii) shall take reasonable steps to notify all persons known to have possession of any retroactively designated material of the effect of such retroactive designation under this Order. Neither party waives their right to object

to any documents or information later designated as "CONFIDENTIAL" after it was produced without a "CONFIDENTIAL" designation pursuant to the terms of the Protective Order.

15.  This Order shall be without prejudice to the right of any party to challenge the propriety of discovery and/or production of materials on any grounds including, but not limited to, relevance, privilege and materiality.

16.  This Order shall not restrict in any manner the right of any party to offer or use as evidence at the trial of this Lawsuit any of the documents subject to this Confidentiality Agreement and nothing contained herein shall be construed as a waiver of any objection to its admissibility into evidence.

17.  None of the restrictions set forth in this Confidentiality Agreement shall apply to any documents or other information that become public knowledge by means not in violation of the provisions of this Stipulation and Order for Confidentiality and Protection.

18.  The parties or counsel for the respective parties may modify the terms of this of this Stipulation and Order for Confidentiality and Protection. However, no modification by the parties shall have the force or effect of a court order unless the Court approves the modification. Alternatively, any party or counsel for the respective party may seek an order of this Court to modify the terms of this Stipulation and Order for Confidentiality and Protection. Any motion seeking such modification must be served upon all counsel of record and filed in accordance with this Court's filing procedures.

19.  When any counsel of record in this Lawsuit or any attorney who has executed the Confidentiality Agreement becomes aware of any violation of this Order, or of facts constituting good cause to believe that a violation of this Order may have occurred, such attorney shall report the violation of this Order to the Court and all counsel of record.

/ / /

/ / /

/ / /

/ / /

20.  After the termination of this Lawsuit, the provisions of this Order shall continue to be binding and this Court shall retain jurisdiction over the parties and any other person who has access to the Confidential Material produced pursuant to this Order for the sole purpose of enforcement of its provisions.

DATED this 10th day of April, 2025.          DATED this 10th day of April, 2025.

**EGLET LAW**                                **RESNICK & LOUIS, P.C.**

*/s/ Brittney R. Glover*                     */s/ Robert L. Thompson*
TRACY A. EGLET, ESQ.                         MARK R. SMITH, ESQ.
Nevada Bar No. 6419                          Nevada State Bar No.: 11872
BRITTNEY R. GLOVER, ESQ.                     ROBERT L. THOMPSON, ESQ.
Nevada Bar No. 15412                         Nevada Bar No. 9920
400 South 7th Street, Suite 400              8945 W. Russell Road, Suite 330
Las Vegas, NV  89101                         Las Vegas, NV  89148
*Attorney for Plaintiff,*                    *Attorneys for Defendants,*
*Tiffany Hedgepeth*                          *Meiborg Bros., Inc., Meiborg, Inc.,*
                                             *and James Ray Cox*

ORDER

IT IS SO ORDERED. Future stipulations and proposed orders must comply with LR IA 6-2, which requires the judicial signature block to appear on the same page as the last substantive matter.

_____
U.S. MAGISTRATE JUDGE
DATED:  3-10-25

7

**RESNICK & LOUIS, P.C.**
Mark R. Smith, Esq., SBN: 11872
Robert L. Thompson, Esq., SBN:  9920
8945 W. Russell Road, Suite 330
Las Vegas, NV  89148
Telephone: (702) 997-3800
Facsimile: (702) 997-3800
mrsmith@rlattorneys.com
rthompson@rlattorneys.com
*Attorneys for Defendants,*
*Meiborg Bros., Inc., Meiborg, Inc.,*
*and James Ray Cox*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIFFANY HEDGEPETH, an individual,<br><br>                 Plaintiff,<br><br>v.<br><br>MEIBORG BROS, INC., an Illinois Corporation; MEIBORG, INC., an Illinois Corporation; JAMES RAY COX, an individual; DOES I through X, inclusive; ROE BUSINESS ENTITIES I through X, inclusive,<br><br>                 Defendants. | CASE NO.: 2:24-cv-00045-CDS-MDC<br><br>**STIPULATION AND ORDER FOR CONFIDENTIALITY AND PROTECTION**<br>**Exhibit "A"** |

IT IS HEREBY AGREED that I, the undersigned, am bound by the terms of the subject Confidentiality and Protective Order entered in the above referenced matter.


DATED: _____          NAME: _____


                                  TITLE: _____