**RESNICK & LOUIS, P.C.**
Mark R. Smith, Esq., SBN: 11872
Robert L. Thompson, Esq., SBN: 9920
8945 W. Russell Road, Suite 330
Las Vegas, NV 89148
Telephone: (702) 997-3800
Facsimile: (702) 702-8619
msmith@rlattorneys.com
rthompson@rlattorneys.com
*Attorneys for Defendants,*
*Meiborg Bros., Inc., Meiborg, Inc.,*
*and James Ray Cox*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIFFANY HEDGEPETH, an individual, | CASE NO.: 2:24-cv-00045-CDS-MDC |
| Plaintiff, | |
| v. | **STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY AND PRE-TRIAL DEADLINES (FIFTH REQUEST)** |
| MEIBORG BROS, INC., an Illinois Corporation; MEIBORG, INC., an Illinois Corporation; JAMES RAY COX, an individual; DOES I through X, inclusive; ROE BUSINESS ENTITIES I through X, inclusive, | |
| Defendants. | |

In accordance with Local Rules of Practice for the United States District Court for the District of Nevada LR 26-3, Plaintiff, TIFFANY HEDGEPETH, by and through her attorneys, Robert T. Eglet, Esq., Tracy A. Eglet, Esq. and Ashley B. Gugino, Esq., of the law firm of EGLET LAW; and Defendants, MEIBORG BROS, INC., MEIBORG, INC. and JAMES RAY COX, by and through their attorneys, Mark R. Smith, Esq. and Robert L. Thompson, Esq., of the law firm of RESNICK & LOUIS, P.C., hereby stipulate and agree to an extension of all discovery and pre-trial deadlines by ninety (90) days. The parties propose the following revised discovery plan.

/ / /

/ / /

1

## I. DISCOVERY COMPLETED

On January 5, 2024, Defendants removed this case to Federal Court.

1. On February 2, 2024, the parties attended the FRCP 26(f) discovery conference.

2. Plaintiff served her Initial Disclosures on February 15, 2024.

3. Defendant produced their Initial Disclosures on February 16, 2024.

4. Defendant Meiborg Bros, Inc. served its First Set of Interrogatories, Requests for Production and Requests for Admission to Plaintiff on February 16, 2024.

5. Plaintiff served her First Set of Interrogatories, Requests for Production and Requests for Admission to Defendant James Ray Cox on February 20, 2024.

6. Plaintiff served her First Set of Interrogatories, Requests for Production and Requests for Admission to Defendant Meiborg Bros, Inc. on February 20, 2024.

7. Plaintiff served her First Set of Interrogatories, Requests for Production and Requests for Admission on Defendant Meiborg, Inc. on February 20, 2024.

8. Plaintiff served her first supplemental disclosures on March 22, 2024.

9. Plaintiff served responses to Defendant Meiborg Bros, Inc.'s First Set of Interrogatories and Requests for Admissions on April 5, 2024.

10. Plaintiff served her second supplemental disclosures on June 11, 2024.

11. Plaintiff served her third supplemental disclosures on July 2, 2024.

12. Plaintiff served her responses to Defendant Meiborg Bros, Inc.'s First Set of Requests for Production of Documents on Jul 10, 2024.

13. Plaintiff served her fourth supplemental disclosures on July 18, 2024.

14. Plaintiff served her second requests for production of documents to Defendants Meiborg Bros, Inc. and Meiborg, Inc. on August 8, 2024.

15. Defendant served their first supplemental disclosures on August 29, 2024.

16. Defendant served their second supplemental disclosures on September 6, 2024.

17. Defendant James Ray Cox served his responses to Plaintiff's first set of requests for production of documents on September 6, 2024.

2

18. Defendants Meiborg, Inc. and Meiborg Bros, Inc. served their responses to Plaintiff's first set of requests for production of documents on September 6, 2024.

19. Defendant James Ray Cox served his responses to Plaintiff's first set of requests for admission and interrogatories on September 9, 2024.

20. Defendants Meiborg, Inc. and Meiborg Bros, Inc. served their responses to Plaintiff's first set of requests for admissions and interrogatories on September 11, 2024.

21. Defendants served their third supplemental disclosures on September 25, 2024.

22. Defendants served their fourth supplemental disclosures on October 9, 2024.

23. Plaintiff underwent the FRCP Rule 35 Examination on October 18, 2024.

24. Defendant Meiborg, Inc. served their responses to Plaintiff's second set of requests for production of documents on December 2, 2024.

25. Defendant James Ray Cox was deposed on December 10, 2024.

26. Defendants served their fifth supplemental disclosures on December 16, 2024.

27. Defendants served their sixth supplemental disclosures on December 23, 2024.

28. Plaintiff served her Amended Response to Defendant Meiborg Inc.'s First Set of Interrogatories on January 7, 2025.

29. Plaintiff served her Third Set of Requests for Production of Documents to Defendants James Ray Cox, Meiborg, Inc., and Meiborg Bros, Inc. on January 30, 2025.

30. Eyewitness Jennifer K. Smith was deposed on February 11, 2025.

31. Plaintiff served her fifth supplemental disclosures on February 13, 2025.

32. Defendant James Ray Cox served his Responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents on March 3, 2025.

33. Plaintiff served her sixth supplemental disclosures on March 11, 2025.

34. Defendant served their seventh supplemental disclosures on March 26, 2025.

35. Plaintiff's deposition was conducted on April 11, 2025.

/ / /

/ / /

3

## II. DISCOVERY THAT REMAINS TO BE COMPLETED

The parties believe the following discovery remains to be completed:

1. Obtain updated medical and billing records from Plaintiff's providers;
2. Additional written discovery requests to Defendants;
3. The deposition of Defendant Meiborg Bros, Inc.'s FRCP 30(b)(6) Designee(s);
4. The deposition of Defendant Meiborg, Inc.'s FRCP 30(b)(6) Designee(s);
5. Depositions of Plaintiff's treating medical providers;
6. Any other party and witness depositions;
7. Subpoena duces tecum to third parties;
8. Designations of Initial and Rebuttal Expert Witnesses;
9. Depositions of Expert Witnesses; and
10. Additional discovery as the parties deem necessary.

## III. REASONS WHY DISCOVERY WAS NOT COMPLETED PRIOR TO THE CUT-OFF

Defendant Cox testified during his deposition that he was employed by Silver Arrow Express at the time of the collision, a company not named in this lawsuit but believed to be a subsidiary of Meiborg, Inc. Following this testimony, Plaintiff's counsel sought clarification regarding the relationship between Meiborg Bros., Inc., Meiborg, Inc., and Silver Arrow Express. Plaintiff believes that Silver Arrow Express might be a separate legal entity from Meiborg Bros., Inc. and Meiborg, Inc., while Defendant maintains that Silver Arrow Express is a d/b/a of Meiborg, Inc. The parties are attempting to resolve this issue with finality via some discovery in order to ensure that all the proper parties are involved in the case.

Plaintiff initially requested a limited 30(b)(6) deposition of Meiborg to address this specific issue. However, there was a delay in determining whether Defendants would agree to such a deposition due to management changes, including the departure of the safety manager responsible for overseeing safety for Meiborg, Inc. and serving as Defendants' discovery point of contact. The parties are continuing to communicate regarding the 30(b)(6) topics.

In addition, Plaintiff's deposition was conducted on April 11, 2025. During the deposition, Plaintiff indicated she may undergo future treatment, including possible injections. It is imperative Defendants obtain any records associated with this prospective treatment in order to adequately prepare expert witness disclosures and opinions.

Moreover, the parties have agreed to mediation, which is currently scheduled for August 5, 2025, with Judge Jennifer Togliatti (RET). In the event this matter is not resolved at mediation, additional time would be necessary to afford the parties the opportunity to designate experts in a timely manner.

The parties believe a ninety (90) day extension of discovery deadlines is necessary and reasonable to allow the completion of the aforementioned discovery, at minimum. This extension would also permit the parties' experts time to review pertinent materials in preparation of reports required to be disclosed under FRCP 26(a)(2)(b).

The parties respectfully submit that the reasons set forth above constitute good cause for this extension. This request is made in good faith, and not for the purpose of delay.

### IV.    GOOD CAUSE FOR EXTENSION

Good cause exists for this extension under Local Rule 26-3. The parties have continued to act diligently; however, despite their best efforts, discovery could not be completed within the existing deadlines. As outlined above, the parties have conducted extensive discovery and have acted with due diligence in pursuing the necessary depositions, written discovery, and document production. However, the following unforeseen circumstances have contributed to unavoidable delays:

**1. The Legal Relationship of Silver Arrow Express** – The parties are currently discussing and trying to resolve their differences over the legal relationship of Silver Arrow Express, Defendant Jim Cox, and the Meiborg entities. Although there is a dispute regarding the nature of the alleged legal entity, the parties are attempting to get the matter resolved between themselves with some finality, to avoid potential motion work to add another potential party to the lawsuit.

5

**2. Plaintiff's Ongoing Medical Treatment** – At her April 12, 2025, deposition, Plaintiff indicated she was considering additional medical treatment, including possible injections. In response, Defendant is serving follow-up requests to her medical providers. Defendant is also in the process of making additional records requests relating to some of Plaintiff's medical history. This ongoing process will directly affect expert witness evaluations and necessitates the requested extension of the discovery deadlines.

**3. Mediation** – The parties agreed to mediate this case, and the earliest available date for the agreed upon mediator, Judge Jennifer Togliatti, Esq. (RET), is August 5, 2025.

These issues are not the result of a lack of diligence but rather circumstances outside the parties' control. Given these challenges, an extension of discovery is warranted to ensure the case is properly prepared before trial. The requested extension is necessary to complete critical depositions, resolve remaining discovery issues, allow thorough expert disclosures, and let the parties seek alternative case resolution through mediation.

**V.     PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY**

| Description | Current Date | Proposed Date |
|---|---|---|
| Amend Pleadings and Add Parties | May 12, 2025 | August 11, 2025 |
| Initial Expert Disclosures | June 12, 2025 | September 10, 2025 |
| Rebuttal Expert Disclosures | July 12, 2025 | October 10, 2025 |
| Close of Discovery | August 11, 2025 | November 7, 2025 |
| Dispositive Motions | September 11, 2025 | December 10, 2025 |
| Joint Pretrial Order | October 10, 2025 | January 8, 2026 |

/ / /

/ / /

/ / /

/ / /

1  The Parties agree that this request for extension of discovery and pre-trial deadlines is made
2  by the parties in good faith and not for the purpose of delay.

3  **IT IS SO STIPULATED.**

4  DATED this 29th day of May 2025.                    DATED this 29th day of May 2025.

5  **RESNICK & LOUIS, P.C.**                           **EGLET LAW**

6

7  /s/  Robert L.Thompson                              /s/  Ashley B. Gugino
   MARK R. SMITH, ESQ.                                 ROBERT T. EGLET, ESQ.
8  Nevada Bar No. 11872                                Nevada Bar No. 3402
   ROBERT L. THOMPSON, ESQ.                            TRACY A. EGLET
9  Nevada Bar No. 9920                                 Nevada Bar No. 6419
   8945 W. Russell Road, Suite 330                     ASHLEY B. GUGINO, ESQ.
10 Las Vegas, NV  89148                                Nevada Bar No. 15555
   702.997.3800                                        400 South 7th Street, Suite
11 *Attorneys for Defendants,*                         400 Las Vegas, NV  89101
   *Meiborg Bros., Inc., Meiborg,*                     702.450.5400
12 *Inc., and James Ray Cox*                           *Attorney for Plaintiff, Tiffany*
                                                       *Hedgepeth*
13
   **IT IS SO ORDERED.**
14 Denied without prejudice.  The
   parties' stipulation, dated May 29,
15 2025, seeks to extend the deadline
   to amend the pleadings, which
16 passed on May 12, 2025.  The                        _____
   parties, however, fail to show                      UNITED STATES MAGISTRATE JUDGE
17 excusable neglect in not                            5-30-25
   submitting a timely request to
18 extend the amendment deadlines.
   LR IA 6-1, provides that "[a]
19 request made after the expiration
   of the specified period will not be
20 granted unless the movant or
   attorney demonstrates that the
21 failure to file the motion before
   the deadline expired was the result
22 of excusable neglect."  The parties
   may submit an amended
23 stipulation showing excusable
   neglect.
24

25

26

27

28

7