**RESNICK & LOUIS, P.C.**
Mark R. Smith, Esq., SBN: 11872
Robert L. Thompson, Esq., SBN: 9920
8945 W. Russell Road, Suite 330
Las Vegas, NV 89148
Telephone: (702) 997-3800
Facsimile: (702) 702-8619
msmith@rlattorneys.com
rthompson@rlattorneys.com
*Attorneys for Defendants,*
*Meiborg Bros., Inc., Meiborg, Inc.,*
*and James Ray Cox*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TIFFANY HEDGEPETH, an individual,<br><br>　　　　　Plaintiff,<br>v.<br><br>MEIBORG BROS, INC., an Illinois Corporation; MEIBORG, INC., an Illinois Corporation; JAMES RAY COX, an individual; DOES I through X, inclusive; ROE BUSINESS ENTITIES I through X, inclusive,<br><br>　　　　　Defendants. | CASE NO.: 2:24-cv-00045-CDS-MDC<br><br>**STIPULATION AND [PROPOSED] ORDER TO EXTEND DISCOVERY AND PRE-TRIAL DEADLINES (SIXTH REQUEST)** |

　　　　In accordance with Local Rules of Practice for the United States District Court for the District of Nevada LR 26-3, Plaintiff, TIFFANY HEDGEPETH, by and through her attorneys, Tracy A. Eglet, Esq., Jack F. DeGree, Esq., and Nathaniel E. Saxe, Esq., of the law firm of EGLET LAW; and Defendants, MEIBORG BROS, INC., MEIBORG, INC. and JAMES RAY COX, by and through their attorneys, Mark R. Smith, Esq. and Robert L. Thompson, Esq., of the law firm of RESNICK & LOUIS, P.C., hereby stipulate and agree to an extension of all discovery and pre-trial deadlines by seventy (70) days. The parties propose the following revised discovery plan.

/ / /

/ / /

1

## I. DISCOVERY COMPLETED

On January 5, 2024, Defendants removed this case to Federal Court.

1. On February 2, 2024, the parties attended the FRCP 26(f) discovery conference.

2. Plaintiff served her Initial Disclosures on February 15, 2024.

3. Defendants produced their Initial Disclosures on February 16, 2024.

4. Defendant Meiborg Bros, Inc. served its First Set of Interrogatories, Requests for Production and Requests for Admission to Plaintiff on February 16, 2024.

5. Plaintiff served her First Set of Interrogatories, Requests for Production and Requests for Admission to Defendant James Ray Cox on February 20, 2024.

6. Plaintiff served her First Set of Interrogatories, Requests for Production and Requests for Admission to Defendant Meiborg Bros, Inc. on February 20, 2024.

7. Plaintiff served her First Set of Interrogatories, Requests for Production and Requests for Admission on Defendant Meiborg, Inc. on February 20, 2024.

8. Plaintiff served her first supplemental disclosures on March 22, 2024.

9. Plaintiff served responses to Defendant Meiborg Bros, Inc.'s First Set of Interrogatories and Requests for Admissions on April 5, 2024.

10. Plaintiff served her second supplemental disclosures on June 11, 2024.

11. Plaintiff served her third supplemental disclosures on July 2, 2024.

12. Plaintiff served her responses to Defendant Meiborg Bros, Inc.'s First Set of Requests for Production of Documents on July 10, 2024.

13. Plaintiff served her fourth supplemental disclosures on July 18, 2024.

14. Plaintiff served her second requests for production of documents to Defendants Meiborg Bros, Inc. and Meiborg, Inc. on August 8, 2024.

15. Defendants served their first supplemental disclosures on August 29, 2024.

16. Defendants served their second supplemental disclosures on September 6, 2024.

17. Defendant James Ray Cox served his responses to Plaintiff's first set of requests for production of documents on September 6, 2024.

2

18. Defendants Meiborg, Inc. and Meiborg Bros, Inc. served their responses to Plaintiff's first set of requests for production of documents on September 6, 2024.

19. Defendant James Ray Cox served his responses to Plaintiff's first set of requests for admission and interrogatories on September 9, 2024.

20. Defendants Meiborg, Inc. and Meiborg Bros, Inc. served their responses to Plaintiff's first set of requests for admissions and interrogatories on September 11, 2024.

21. Defendants served their third supplemental disclosures on September 25, 2024.

22. Defendants served their fourth supplemental disclosures on October 9, 2024.

23. Plaintiff underwent the FRCP Rule 35 Examination on October 18, 2024.

24. Defendant Meiborg, Inc. served their responses to Plaintiff's second set of requests for production of documents on December 2, 2024.

25. Defendant James Ray Cox was deposed on December 10, 2024.

26. Defendants served their fifth supplemental disclosures on December 16, 2024.

27. Defendants served their sixth supplemental disclosures on December 23, 2024.

28. Plaintiff served her Amended Response to Defendant Meiborg Inc.'s First Set of Interrogatories on January 9, 2025.

29. Plaintiff served her Third Set of Requests for Production of Documents to Defendants James Ray Cox, Meiborg, Inc., and Meiborg Bros, Inc. on January 30, 2025.

30. Eyewitness Jennifer K. Smith was deposed on February 11, 2025.

31. Plaintiff served her fifth supplemental disclosures on February 13, 2025.

32. Defendant James Ray Cox served his Responses to Plaintiff's Second Set of Interrogatories and Requests for Production of Documents on March 3, 2025.

33. Plaintiff served her sixth supplemental disclosures on March 11, 2025.

34. Defendant Meiborg, Inc. served its responses to Plaintiff's Second Set of Requests for Admissions and Third Set of Requests for Production on March 25, 2025.

35. Defendants served their seventh supplemental disclosures on March 26, 2025.

/ / /

3

36. Defendant Meiborg, Inc. served its responses to Plaintiff's Second Set of Interrogatories on April 2, 2025.

37. Plaintiff's deposition was conducted on April 11, 2025.

38. Plaintiff served her Second Amended Answers to Defendant Meiborg Bros. Inc's First Set of Interrogatories on May 5, 2025.

39. Defendants served their eighth supplemental disclosure on May 23, 2025.

40. Plaintiff served her seventh supplemental disclosure on June 3, 2025.

41. Plaintiff served her Designation of Expert Witnesses on June 12, 2025.

42. Defendants served their Designation of Expert Witnesses on June 12, 2025.

43. Defendants served their ninth supplemental disclosure on June 13, 2025.

44. Plaintiff served her eighth supplemental disclosure on July 8, 2025.

45. Plaintiff served her First Supplemental Designation of Expert Witnesses on July 17, 2025.

46. Plaintiff served her Second Supplemental Designation of Expert Witnesses on July 24, 2025.

47. Plaintiff served her ninth supplemental disclosure on July 28, 2025.

48. Defendants served their tenth supplemental disclosure on August 4, 2025.

49. The Parties attended a mediation with the Honorable Jennifer Togliatti on August 5, 2025.

50. Defendants served their rebuttal expert disclosure on October 10, 2025.

51. Plaintiff served her rebuttal expert disclosure on October 10, 2025.

**II.    DISCOVERY THAT REMAINS TO BE COMPLETED**

The parties believe the following discovery remains to be completed:

1. Obtain updated medical and billing records from Plaintiff's providers;

2. The deposition of Defendant Meiborg Bros, Inc.'s FRCP 30(b)(6) Designee(s);

3. The deposition of Defendant Meiborg, Inc.'s FRCP 30(b)(6) Designee(s);

4. Depositions of Plaintiff's treating medical providers;

4

5. Any other party and witness depositions;

6. Subpoena duces tecum to third parties;

7. Depositions of Initial and Rebuttal Expert Witnesses[1]; and

8. Additional discovery as the parties deem necessary.

| COMPLETED DEPOSITIONS | | |
|---|---|---|
| Tiffany Hedgepeth | Plaintiff | April 11, 2025 |
| Jennifer K. Smith | Eyewitness | February 11, 2025 |
| James Cox | Defendant Driver | December 10, 2024 |
| **SCHEDULED DEPOSITIONS** | | |
| Brian J. Riker | Transportation Safety Standards | November 10, 2025 |
| Raimundo Leon, MD | Pain Management | October 21, 2025 |
| Randa Bascharon, DO | Orthopedic Surgeon | November 4, 2025 |
| FRCP 30(b)(6) Representative of MEIBORG BROS INC, | Person Most Knowledgeable | October 27, 2025* |
| FRCP 30(b)(6) Representative of MEIBORG, INC. | Person Most Knowledgeable | October 27, 2025* |
| | *Tentative. The Parties have a meet and confer conference under LR IA 1-3(f) scheduled for October 17, 2025 to address topics and confirm date(s) set for deposition in an effort to avoid motion practice. | |
| **DEPOSITIONS OF PLAINTIFFS EXPERTS TO BE TAKEN[2]** | | |
| Stan V. Smith, Ph.D. | Economic Damages | TBD |
| Mark Kabins, MD | Orthopedic Surgeon | TBD |
| David J. Oliveri, MD | Physical Medicine & Rehab | TBD |
| Paul Thomas, Ph.D. | Economic Damages | TBD |
| **DEPOSITIONS OF DEFENDANTS EXPERTS TO BE TAKEN[3]** | | |
| Roger A. Fontes, Jr., MD | Orthopedic Surgeon | TBD |
| James R. Desmond, CDS, CDT, CTP | Transportation Safety Standards | TBD |
| Eugenia Larmore, Ph.D., MBA | Economic Damages | TBD |
| Joshua Satterlee, DC | Chiropractic Examiner | TBD |
| Christopher T. Chen, Ph.D. | Biomechanical Engineer and Accident Reconstructionist | TBD |

---

[1] *See* Chart of Set or Setting Depositions
[2] The parties are in the process of coordinating dates and serving proper notices based on availability.
[3] The parties are in the process of coordinating dates and serving proper notices based on availability.

5

### III. REASONS WHY DISCOVERY WAS NOT COMPLETED PRIOR TO THE CUT-OFF

The parties have made every effort to complete discovery by the current deadline, and have already begun to set various expert and/or treating physician depositions. However, the schedules of each expert and treating physician are different. Some of the experts are not available until November, particularly between November 13 to November 21, 2025. Additionally, one of the defense experts, Dr. Satterlee, would not be able to sit for a deposition until December 10, 2025. The parties need some additional time in order to ensure that the expert depositions can be properly scheduled as needed in order to close discovery.

On October 6, 2025, Plaintiff also noticed the deposition of the 30(b)(6) witness for Meiborg, Inc. and Meiborg Bros., Inc., for October 27, 2025. On October 10, 2025, Defendants sent Plaintiff an objection letter regarding some of the topics and the unavailability of the witness on the designated date. The parties have a LR26-6 conference scheduled on October 17, 2025, to work out the issues addressed by Defendant. If an agreement cannot be reached, particularly on some of the listed topics, limited motion work may be required to resolve the matter. The brief extension of discovery requested by the parties will ensure that a timely motion can be filed (if necessary), along with an opposition by Plaintiff so that the matter can be resolved, and a proper date can be set for the 30(b)(6) witness from both Meiborg entities.

Moreover, the parties did attend mediation on August 5, 2025, with Judge Jennifer Togliatti (RET) in advance of the initial and rebuttal expert disclosure deadlines. Despite efforts by the parties involved and the mediator, this matter was not resolved. Since then, both Parties have produced their initial and rebuttal expert disclosures in accordance with the Court's current Scheduling Order. Nevertheless, counsel for defendants and plaintiff are continuing informal negotiations in hopes of reaching an agreement for settlement.

The parties believe a seventy (70) day extension of discovery deadlines is necessary and reasonable to allow the completion of the aforementioned discovery. The extension would ensure that all applicable expert depositions can be taken accordingly, and any remaining issues regarding the Meiborg entity 30(b)(6) witness can be addressed/resolved.

6

The parties respectfully submit that the reasons set forth above constitute good cause for this extension. This request is made in good faith, and not for the purpose of delay.

### IV. GOOD CAUSE FOR EXTENSION

Good cause exists for this extension under Local Rule 26-3. The parties have continued to act diligently; however, despite their best efforts, discovery could not be completed within the existing deadlines. As outlined above, the parties have conducted extensive discovery and have acted with due diligence in pursuing the necessary depositions, written discovery, producing initial and rebuttal expert disclosures, document production, and participated in a mediation with the Honorable Jennifer Togliatti. However, the following unforeseen circumstances have contributed to unavoidable delays:

**1. Expert Schedules –** The parties are in the process of setting the depositions of the Plaintiff and Defendant designated experts and rebuttal experts. Many of the experts are not available prior to November 7, 2025. Additionally, Plaintiff and Defendant only recently designated new rebuttal experts including Dr. Oliveri for Plaintiff, and James Desmond and Eugenia Larmore, for Defendant, on October 10, 2025. All available efforts have been and are being made to schedule their respective depositions, but they will likely require scheduling past November 7, 2025, and into early December.

**2. Plaintiff's 30(b)(6) Deposition Notice–** Plaintiff noticed the deposition of the 30(b)(6) witness for both Meiborg, Inc. and Meiborg Bros., Inc. on October 6, 2025. The date of the deposition is currently set for October 27, 2025. On October 10, 2025, Defendants sent an objection letter to Plaintiff regarding some of the proposed deposition topics and advising Plaintiff that the availability of the witness for the deposition on October 27, 2025, could not be confirmed. Plaintiff's counsel responded to Defendant on October 11, 2025, advising that he would be in trial from October 13-15, 2025, but would make arrangements for a proper LR26-6 conference later in the week. The LR 26-6 conference is scheduled for October 17, 2025. The parties will make every arrangement possible to work out an agreement on the topics and set a mutually convenient date for the witness; however, if an agreement cannot be reached, motion work may be required

7

and the parties will need additional time to timely file a motion and opposition and have the matter heard before the Court.

### V. PROPOSED SCHEDULE FOR COMPLETING ALL REMAINING DISCOVERY

| Description | Current Date | Proposed Date |
|---|---|---|
| Close of Discovery | November 7, 2025 | January 16, 2025 |
| Dispositive Motions | December 10, 2025 | February 16, 2026 |
| Joint Pretrial Order | January 8, 2026 | March 18, 2026 |

The Parties agree that this request for extension of discovery cut-off date, and pre-trial deadlines is made by the parties in good faith and not for the purpose of delay.

**IT IS SO STIPULATED.**

DATED this 16th day of October 2025.

**RESNICK & LOUIS, P.C.**

/s/ Robert L. Thompson
MARK R. SMITH, ESQ.
Nevada Bar No. 11872
ROBERT L. THOMPSON, ESQ.
Nevada Bar No. 9920
8945 W. Russell Road, Suite 330
Las Vegas, NV 89148
702.997.3800
*Attorneys for Defendants,*
*Meiborg Bros., Inc., Meiborg, Inc.,*
*and James Ray Cox*

DATED this 16th day of October 2025.

**EGLET LAW**

/s/ Jack F. DeGree
TRACY A. EGLET
Nevada Bar No. 6419
JACK F. DEGREE, ESQ.
Nevada Bar No. 11102
NATHANIEL E. SAXE, ESQ.
Nevada Bar No. 15631
400 South 7th Street, Suite 400
Las Vegas, NV 89101
702.450.5400
*Attorney for Plaintiff,*
*Tiffany Hedgepeth*

8

*Hedgepeth v. Meiborg Bros., Inc., et. al.*
Case No.: 2-24-CV-00045-DCS-MDC
*Amended Stipulation and [Proposed] Order to Extend Discovery Deadlines and Pre-Trial Deadlines (6th Request)*

## ORDER

Based upon the foregoing stipulation of counsel and good cause appearing, **IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The discovery cut-off shall be **Friday, January 16, 2026.**

2. **Dispositive Motions.** The last date to file dispositive motions shall not be later than 30 days after the discovery cut-off date. In this action, the last date to file dispositive motions shall be **Monday, February 16, 2026.**

3. **Joint Pretrial order.** The joint Pretrial Order shall be filed no later than 30 days after the date set for filing dispositive motions. In this action, the joint pretrial order shall be filed on or before **Wednesday, March 18, 2026.**

6. **FRCP 26(a)(3) Disclosures.** The disclosures required by FRCP 26(a)(3) and any objections thereto shall be included in the Joint Pretrial Order.

**IT IS SO ORDERED**:

Any discovery dispute must be addressed and raised according to the Court's 8/23/24 Standing Order (ECF No. 28).

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____10-20-25_____

9